## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

KEENAN JOHN HOCOG MESA,
DOB: 12/21/1998

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0268-18**
GPD Report No. 18-12782

**DECISION & ORDER
RE. PEOPLE'S MOTION TO REVOKE
DEFENDANT'S PROBATION**

This matter came before the Honorable Alberto E. Tolentino on August 15, 2024, for a Revocation Hearing. Defendant Keenan John Hocog Mesa ("Defendant") was present with counsel Public Defender Earl Espiritu. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). The Defendant's Probation Officer Meagan McDonald was also present. During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation ("Motion"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

## BACKGROUND

### A. The Defendant's Violations on Pre-trial Release

On May 15, 2018, the Defendant was charged with Possession of a Schedule II Controlled Substance (As a Third Degree Felony). While on pretrial release, the Adult Probation Office ("Probation") filed three (3) violations against the Defendant. For the first violation, the report indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. On July 10, 2018, the defendant was ordered to submit to a drug test; however, the defendant opted to admit to ingesting an illegal controlled substance namely "marijuana" on July 7, 2018 via declaration, therefore, no test was conducted. This is his first (1st) positive test while on pretrial release.

1st Violation Report (July 10, 2018). For the second violation, the report indicated that the Defendant "fail[ed] to report to the Probation Office, in person, once a week. Defendant last reported on July 10, 2018." 2nd Violation Report (July 27, 2018). On July 31, 2018, the court held a Violation Hearing to address the Defendant's two reported violations.

During the hearing, Probation notified the court that it had given the Defendant a warning for his first violation. Violation Hr'g Mins. at 10:18:52AM (July 31, 2018). The court held the second violation in abeyance and reminded the Defendant of his required condition to check into probation three times a week for drug testing. *Id.* at 10:20:22AM.

\\
\\
\\
\\
\\
\\

The court held a Violation Hearing on September 26, 2018, to address the third violation. For the third violation, the report indicated that the Defendant:

1. Failed to refrain from ingesting/consuming illegal controlled substances. On September 24, 2018, the defendant submitted to a drug test which yielded presumptive positive for THC. He subsequently admitted to smoking "marijuana" on September 21, 2018 via written declaration. This is the defendant's [second] (2nd) positive.

3rd Violation Report (Sept. 24, 2018). During the Violation Hearing, the court issued a five-day sanction but suspended two of those days. Violation Hr'g Mins. at 1:25:48–28:06PM (Sept. 26, 2018).

On November 9, 2018, the Defendant pled guilty to the charge of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Order After Hearing (May 15, 2019). However, the court deferred its acceptance of the Defendant's guilty plea for two years "conditioned on successfully completing all conditions and terms of the *deferred* plea, otherwise, the Defendant shall serve the full three-year imprisonment term, with credit for time served." Deferred Plea Agreement (Apr. 22, 2019). Notably, the Defendant's deferred plea agreement required his enrollment and completion of the Adult Drug Court Program I ("Adult Drug Court"). *Id.* at 4.

**B. The Defendant's Violations in Adult Drug Court**

During the Defendant's enrollment in Adult Drug Court, Probation filed fourteen (14) Violation Reports while the Defendant was in Phase I of the program. For the first violation, the report indicated that the Defendant:

Failed to refrain from ingesting/consuming illegal controlled substances. On November 30, 2018, the probationer submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamine. The probationer admitted to smoking the drug "meth" on November 29, 2018.

1st Violation Report Phase I (Dec. 5, 2018).

For the second violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: December 3, 5, 6, and 12, 2018.

2nd Violation Report Phase I (Dec. 13, 2018). The court held a Progress Hearing on December 14, 2018, to address the two violations in Adult Drug Court. The court imposed, but suspended, a two-day sanction on the Defendant; and also ordered that the Defendant read an essay paper on the effects of drug use. Progress Hr'g Mins. at 10:43:48AM (Dec. 14, 2018). For the third violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: December 26, 28, 31, 2018; and January 2, 2019.

3rd Violation Report Phase I (Jan. 3, 2019). The court held a Progress Hearing on January 4, 2019, to address the third violation. In this hearing, the court imposed a three-day sanction but suspended it. Progress Hr'g Mins. at 10:18:21AM (Jan. 4, 2019). For the fourth violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: January 11, 14, and 16, 2019.

4th Violation Report Phase I (Jan. 17, 2019). The court held a Further Proceedings on January 18, 2019, to address the fourth violation. In this hearing, the court imposed a three-day sanction on the Defendant. Further Proceedings Mins. at 10:18:21AM (Jan. 4, 2019).

\\

\\

\\

For the fifth violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: February 8 and 11, 2019.

5th Violation Report Phase I (Feb. 14, 2019). The court held a Progress Hearing on February 15, 2019, to address the fifth violation. The court imposed a two-day sanction on the Defendant. Progress Hr'g Mins. at 9:30:00AM (Feb. 15, 2019). For the sixth violation, the report indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. On February 15, 2019, the probationer submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamine. The probationer admitted to smoking the drug "meth" on February 13, 2019.

6th Violation Report Phase I (Feb. 21, 2019). The court addressed the sixth violation in a Further Proceedings held on February 22, 2019. For the seventh violation, the report indicated that the Defendant:

> 1. Failed to obey orders by the court and Adult Drug Court Program rules. On April 10, 2019, the probationer submitted to a urinalysis test and tested presumptive positive for marijuana. The probationer admitted via written declaration to smoking "weed" on April 5, 2019.
>
>    This marks the probationer's 3rd POS and 3rd admission since entering phase I of the ADC I program.
>
> 2. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: February 8 and 11, 2019.

7th Violation Report Phase I (Apr. 18, 2019). The court held a Further Proceedings on April 19, 2019, to address the Defendant's seventh violation.

\\

\\

A few weeks after the Defendant filed his Deferred Plea Agreement with the court, Probation filed an eighth violation, indicating that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: April 19, 26, and 29 2019.

8th Violation Report Phase I (May 2, 2019). The court held a Progress Hearing on May 10, 2019, to address the Defendant's eighth violation. For the ninth violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: May 29, 31, June 3, 10, and 14, 2019.

9th Violation Report Phase I (June 20, 2019). The court held a Progress Hearing on June 28, 2019, to address the ninth violation. In this hearing, the court placed a two-day sanction on the Defendant, which was suspended. Progress Hr'g Mins. at 10:35:50AM (June 28, 2019). For the tenth violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: July 1, 5, 8, 12, 15,17, and 23, 2019.

10th Violation Report Phase I (July 25, 2019). The court held a Progress Hearing on August 2, 2019, addressing the tenth violation and imposing a two-day sanction on the Defendant. Progress Hr'g Mins. at 10:17:09AM (Aug. 2, 2019).

\\

\\

\\

\\

For the eleventh violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: August 9, 12, 16, 19, 21, 23, 26, and 28, 2019.

11th Violation Report Phase I (Aug. 29, 2019). The court held a hearing on August 30, 2019, to address the eleventh violation. However, the Defendant was not present and had last checked in with Probation on August 14, 2019. Hr'g Mins. at 10:36:30AM (Aug.30, 2019). For the twelfth violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: August 30; September 3, 4, 6, 9, and 11, 2019.

12th Violation Report Phase I (Sept. 13, 2019). The court held a Progress Hearing on September 13, 2019, addressing the twelfth violation and a possible stipulation to transfer the Defendant to traditional probation instead of Adult Drug Court. Progress Hr'g at 3:35:37PM (Sept. 13, 2019). For the thirteenth violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: September 16, 18, 20, 23, 25, 27, 30; October 2, 2019.

13th Violation Report Phase I (Oct. 3, 2019). The court held a Progress Hearing on October 4, 2019, to address the Defendant's thirteenth violation. In the hearing, the court kept this violation in abeyance but transferred the Defendant over to the supervision of the Adult Probation Office. Progress Hr'g Mins. at 10:25:23AM (Oct. 4, 2019). In doing so, the court terminated the Defendant from the Adult Drug Court I Program. *Id.*

\\

\\

Upon the Defendant's termination from Adult Drug Court, the Defendant received a fourteenth violation. For this violation, the report indicated that the Defendant:

> Failed to report to three times weekly in person as ordered. The probationer failed to report since being terminated from the Adult Drug Court Program on October 4, 2019.

14th Violation Report Phase I (Nov. 5, 2019).

## C. The Defendant's Violations under Traditional Probation

The court subsequently issued a bench warrant for the Defendant on November 6, 2019. Two years later, this court was assigned to this matter.[1] The warrant was returned on October 6, 2021. During the Return of Warrant proceeding, the court indicated that all conditions of probation were outstanding despite the Defendant's deferred probationary period expiring on October 3, 2021. Return of Warrant Mins. at 10:30:23AM (Oct. 6, 2021). Finding good cause therein, the court extended the Defendant's probation for six (6) months to allow the Defendant to complete the terms of his probation. *Id.* On February 1, 2022, the court granted another extension of probation; the new expiration date was July 6, 2022. Progress Hr'g Mins. at 2:21:49PM (Feb. 1, 2022).

That same month, Probation filed a first violation report against the Defendant since his transfer to traditional probationary supervision. For the first violation, the report indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. The Probationer submitted to a drug test on February 28, 2022, with the probation office and tested presumptive positive for methamphetamines/THC. He admitted to ingesting illegal controlled substances, namely, "meth and weed" on February 26, 2022 via declaration. This is his first (1st) positive test.

1st Violation Report (Feb. 28, 2022).

\\

---

[1] Between May 7, 2018, and October 5, 2021, this matter was before the Honorable Anita A. Sukola.

For the second violation, the report indicated that the Defendant:

Failed to refrain from ingesting/consuming illegal controlled substances. The Probationer submitted to a drug test on March 21, 2022, with the probation office and tested presumptive positive for methamphetamines/THC. He admitted to ingesting illegal controlled substances, namely, "marijuana and ice" on March 19, 2022 via declaration. This is his second (2nd) positive test.

2nd Violation Report (Mar. 21, 2022). The court held a Violation Hearing on May 11, 2022, to address the Defendant's violations. In the hearing, Probation requested that the court impose a five-day sanction on the Defendant. Violation Hr'g at 2:22:48PM (May 11, 2022). The court granted this request and committed the Defendant to serve the sanction at the Department of Corrections. *Id.* A third violation report was filed indicating that the Defendant:

1. Failed to refrain from ingesting/consuming illegal controlled substances. The Probationer submitted to a drug test on May 17, 2022, with the probation office and tested presumptive positive for methamphetamines/THC. He admitted to ingesting illegal controlled substances, namely, "marijuana laced with meth" on May 10, 2022 via declaration. This is his third (3rd) positive test.
2. Failure to submit proof of attendance or completion of a drug rehabilitation program.
3. Failure to make monthly payments towards his fine and court cost totaling five thousand eighty dollars ($5,080.00). He has failed to make any payments.
4. Failure to perform and complete eighty-six (86) hours of community service.
5. Failure to submit proof of attendance or completion of twenty-three (23) out of twenty-four (24) sober support meetings.

3rd Violation Report (June 16, 2022). Pursuant to this third violation, the court issued a warrant of arrest for the Defendant on June 24, 2022. Six days later, the warrant was returned and Probation filed a fourth violation against the Defendant. For this violation, the report indicated that the Defendant:

Failed to refrain from ingesting/consuming illegal controlled substances. On June 30, 2022, the Probationer reported to the Probation Office. He admitted to ingesting illegal controlled substances, namely, "meth and weed" on June 29, 2022 via declaration. No test was conducted. This is his fourth (4th) positive test.

4th Violation Report (June 30, 2022).

The court held a Return of Warrant proceeding on July 5, 2022, where it vacated the warrant and sanctioned the Defendant for forty-five (45) days at the Department of Corrections. Return of Warrant Mins. at 11:03:40AM (July 5, 2022). A fifth violation was filed indicating that the Defendant:

1. Failed to report to the Probation Office two (2) times a week for drug testing. The probationer is ordered to report to the Probation Office every Tuesday and Thursday. He last reported on September 29, 2022. The probationer has failed to report since. Please note, on September 27, 2022, the Undersigned reminded the Probationer about his reporting requirements.
2. Failure to submit proof of attendance or completion of a drug rehabilitation program.
3. Failure to make monthly payments towards his fine and court cost totaling five thousand seventy dollars ($5,070.00). His last payment was on June 23, 2022 and he has failed to make any payments since.
4. Failure to perform and complete six (6) hours of community service.

5th Violation Report (October 26, 2022). On October 31, 2022, the People filed its Motion, requesting the court to revoke the Defendant's probation. Pursuant to the Defendant's fifth violation, the court issued a warrant of arrest on December 5, 2022, which was not returned until September 6, 2023. At the Return of Warrant proceeding, the court noted that the Defendant's probation had expired – after three extensions – on November 15, 2022. Return of Warrant Mins. at 12:19:11PM (Sept. 8, 2023). The court then vacated the warrant, released the Defendant, and set the matter for a Revocation Hearing.

During the Revocation Hearing, Probation indicated that the Defendant had completed all other conditions of his probation except for treatment and the outstanding balance on his fine. Rev. Hr'g Mins. at 4:03:55–04:09PM (Oct. 25, 2023). The court held the Motion in abeyance, pending his completion of those remaining conditions of probation. *Id.* at 4:04:38–04:51PM.

\\

On January 22, 2024, Probation filed a sixth violation against the Defendant. The report listed the following violations:

1. Failure to report to the Probation Office three (3) times a week for drug testing. The probationer is ordered to report to the Probation Office every Monday, Wednesday, and Friday. He last reported on December 7, 2023, and has failed to report since. Please note, the Undersigned has counseled the Probationer about his reporting requirements multiple times.
2. Failure to submit proof of attendance or completion of a drug rehabilitation program.
3. Failure to make monthly payments towards his fine and court cost totaling four thousand five hundred seventy dollars ($4,570.00). His last payment was on June 23, 2022 and he has failed to make any payments since.

6th Violation Report (Jan. 22, 2024). Due to a sixth violation being filed, the court issued another bench warrant for the Defendant's arrest on February 14, 2024, which was returned on June 26, 2024. On July 16, 2024, the court set the matter for another Revocation Hearing. Return of Warrant Mins. at 4:24:16PM (July 16, 2024).

**D. The Defendant's Revocation Hearing on August 15, 2024**

At the recent Revocation Hearing, the Defendant requested for another opportunity to complete the remaining terms of his probation. Rev. Hr'g Mins. at 1:11:20–16:15PM (Aug. 15, 2024). The Defendant referenced a Stipulation and Order that transferred the Defendant from Adult Drug Court to traditional probation, stating that:

> If the Defendant does not complete these terms and conditions within the two-year deferral period, **the court may accept and enter Defendant's plea as set out in the Deferred Plea Agreement and order an additional three (3) years of probation to complete these terms and conditions or impose a sentence of up to three (3) years of incarceration and a fine of up to five thousand dollars ($5,000.00).**

Stip. & Order (Nov. 6, 2019). Based on this provision, the Defendant requested that the court hold off on revocation, enter the judgment in this case, and impose an additional three years of probation. Rev. Hr'g Mins. at 1:14:04–16:39PM (Aug. 15, 2024). Contrary to the Defendant's

position, the People reiterated its Motion supporting revocation. *Id.* at 1:16:52–17:03PM. After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that may it have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

### A. The Defendant violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the

defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant had accumulated: three violations on pre-trial release; fourteen violations in Adult Drug Court; and six violations under the supervision of traditional Probation. The court can make a factual determination that all these violations actually occurred, as evidenced by the Defendant's declarations to the violations, the Defendant's positive test results, and his admission on the record to the violations. During the last Revocation Hearing, the court inquired with the Defendant himself about his failure to comply with probation, to which he apologized for but had informed the court of his struggle to "get back on his feet." Rev. Hr'g Mins. at 1:19:45–20:37PM (Aug. 15, 2024). Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. The Defendant's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants

revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.*

Like the probationer in *Camacho*, the only conditions pending completion were the Defendant's treatment and fine. During the Revocation hearing, the Defendant emphasized the importance of treatment being completed in this case; which is something the Defendant does not believe can be accomplished in prison. Rev. Hr'g Mins. at 1:15:30–15:34PM (Aug. 15, 2024). The Defendant admitted to the court that although he had stopped showing up to Lighthouse Recovery Center for treatment, he had nonetheless completed his assessment with them. *Id.* at 1:12:38–12:46PM. If the court chooses not to revoke probation, the Defendant believes that he can receive the benefits of working to support his family, treatment outside the confines of the Department of Corrections, and possible closure of the case after treatment is completed. *Id.* at 1:15:43–16:15PM.

When reviewing the violations and time the Defendant absconded in this case, the People argued that the Defendant has failed to show "any desire to be compliant with the terms of probation." Rev. Hr'g Mins. at 1:17:38–17:46PM (Aug. 15, 2024).

The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. The court had given the

Defendant multiple opportunities before considering revocation, including three extensions of his probationary period to get back in compliance and complete his last condition of probation: treatment. Instead, the Defendant absconded, had several warrants issued for his arrest for failure to report, and continued to test positive for methamphetamine or THC. While the court is aware of the difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). Here, the Defendant has had over five years to independently complete the conditions of probation. While the Defendant believes that his addiction treatment cannot be accomplished in the Department of Corrections, the Defendant has shown that he cannot complete treatment outside of it. In Guam, the Department of Corrections provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow the Department of Corrections to supervise and assist the defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to revoke the Defendant's probation.

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's three-year sentence.

A Progress Hearing is scheduled before this court on November 27, 2024, at 2:00PM.

**SO ORDERED** this _____**OCT 2 4 2024**_____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam